**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS GUZMAN-ALVAREZ,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-7186-OLG** |
| **SECRETARY MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**DISMISSAL ORDER**

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Jose Luis Guzman-Alvarez on November 13, 2026. (Dkt. No. 1.) Upon review, the Court finds that the Petition must be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that applicants for admission are subject to mandatory detention under the INA during the pendency of their removal proceedings. 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). Eight months later, in *Sosnava-Rodriguez v. Vergara*, the full Fifth Circuit held that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a

substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[1]

Accordingly, Petitioner's due process claim for habeas relief (*see* Dkt. No. 1 at 8–9) have been foreclosed by the Fifth Circuit.[2]

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 17, 2026.

ORLANDO L. GARCIA
United States District Judge

[1]The Court notes that, in *Sosnava-Rodriguez*, the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.

[2]Any APA claim is not properly before the Court in a habeas proceeding and likewise subject to dismissal. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

The same goes for any *Accardi*-based claim—which "is inapposite in a petition for habeas relief," *Chi*, 2026 WL 1062625, at *6; any challenge brought under the Suspension Clause—as "Petitioner's ability to pursue [his] claims demonstrates that the writ has not been suspended," *Heredia v. Bondi*, No. 26-CV-1556, 2026 WL 1587132, at *6 (S.D. Tex. Apr. 20, 2026); any equal-protection based claim—which is unavailing in this context, where "the primary objection to the respondents' detention policy is its over-inclusivity," *Chi*, 2026 WL 1062625, at *4; and any alleged Fourth Amendment violations—as such a claim "has no bearing on the legality of detention . . . during removal proceedings," *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026).